FILED & ENTERED

APR 16 2024

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY sumlin    DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>Sandra C. Estrada,<br><br>                                Debtor. | Case No.:    2:24-bk-11389-NB<br><br>Chapter:    13<br><br>**MEMORANDUM DECISION DISCHARGING ORDER TO SHOW CAUSE BASED UPON ATTORNEY AARON BERGER'S VOLUNTARY AGREEMENT NOT TO APPEAR AS COUNSEL FOR ANY PARTY IN ANY BANKRUPTCY CASE PENDING IN THE CENTRAL DISTRICT OF CALIFORNIA FOR A PERIOD OF ONE YEAR**<br><br>Hearing:<br>Date:  April 9, 2024<br>Time:  11:00 a.m.<br>Place: Courtroom 1545<br>         255 E. Temple Street<br>         Los Angeles, CA 90012<br>(or via ZoomGov per posted procedures) |

On March 13, 2024, this Court issued an order requiring Debtor's counsel, Aaron Berger, to appear and show cause why he should not be sanctioned for facilitating Debtor's abuse of the bankruptcy process (dkt. 14, the "OSC").  A hearing on the OSC took place as set forth in the caption above.  Based upon Mr. Berger's declaration explaining the circumstances (dkt. 20) and his voluntary agreement not to appear as

-1-

counsel for any party in any bankruptcy case pending in the Central District of California for a period of one year absent authorization from this Court, a separate order discharging the OSC will be issued.

**1. BACKGROUND**

Debtor, who was represented by Mr. Berger with respect to all matters pertaining to this short-lived bankruptcy case, filed a chapter 13 petition on February 26, 2024. On March 1, 2024, this Court issued an "Order Directing Debtor to Appear and Show Cause Why Her Chapter 13 Case Should Not be Transferred to the Southern District of California" (dkt. 3, the "Venue OSC"). As explained in the Venue OSC, the residential address listed in the petition is located within the Southern District of California, not the Central District of California (the district in which the case was filed). *See* Venue OSC at p. 2. The Venue OSC set a deadline of March 8, 2024 for Debtor to file a written response explaining why the Central District of California was the proper venue.

Debtor did not respond to the Venue OSC. Instead, on March 6, 2024, Debtor filed a motion to voluntarily dismiss this case (dkt. 10, the "Dismissal Motion"). The Dismissal Motion stated that Debtor "no longer seeks federal bankruptcy protection at this time," *id.* at p. 1, but did not explain why or how Debtor's circumstances had changed, such that bankruptcy protection was necessary on February 26, 2024 but no longer necessary approximately two weeks later.

On March 13, 2024, this Court dismissed the case, based upon Debtor's absolute right to dismissal,[1] but retained jurisdiction to adjudicate the issues raised by the OSC. Dkt. 14. As explained in the OSC:

> Although this Court is required to honor Debtor's request for dismissal, it still retains jurisdiction to determine whether Mr. Berger caused the petition to be filed on Debtor's behalf to accomplish objectives other than those contemplated by the Bankruptcy Code. Such an abuse of the bankruptcy process could include, for example, filing the petition merely to delay Debtor's creditors even though Debtor had no intent to reorganize.

---

[1] *See* 11 U.S.C. § 1307(b); *see also In re Nichols*, 10 F.4th 956, 964 (9th Cir. 2021) (holding that "§ 1307(b)'s text confers upon the debtor an absolute right to dismiss a Chapter 13 bankruptcy case, subject to the single exception noted expressly in the statute itself," regardless of any determination that the debtor abused the bankruptcy process).

>It appears that by filing this case, Mr. Berger may have been facilitating an abuse of the bankruptcy process: (1) the petition was a "face sheet" filing not accompanied by any schedules; (2) the petition was filed in the Central District of California, even though Debtor's residential address (as listed on the petition) is located within the Southern District of California, which suggests that Mr. Berger may have lacked a good-faith basis for determining that the Central District of California was the proper venue for this case (see the Venue OSC for a more detailed discussion); and (3) Debtor requested voluntary dismissal of the case only nine days after filing the petition, with no explanation as to the change in circumstances. [OSC at pp. 2–3 (footnote omitted).]

## 2. DISCUSSION

Mr. Berger's declaration (dkt. 20) in response to the OSC explains his attempts, under a tight time schedule, to assist Debtor, while recognizing his lack of expertise in the field of bankruptcy and the fact that he did not file the bankruptcy petition in the correct district. His declaration also states the following:

> As of right now, I have no intention of ever representing a client in a bankruptcy case again. I am very sorry and embarrassed for the inconvenience I have unintentionally caused the court, trustee, creditors, and any other parties involved in this case. I swear it will never happen again. [Berger Decl. (dkt. 20) at ¶¶ 32–34.]

Prior to the hearing on the OSC, this Court posted a tentative ruling, which stated in relevant part:

> This Court interprets [the foregoing statement of Mr. Berger] as a voluntary agreement <u>not</u> to appear as counsel for any party in any bankruptcy case pending in the Central District of California for an indefinite period of time, and potentially on a permanent basis. The tentative ruling is that it is appropriate to bar Mr. Berger from appearing as counsel for any party in any bankruptcy case in this district for a period of **one year from this hearing date**, absent further order of this Court lifting this bar. To be clear, Mr. Berger offers plausible explanations, and appears to exhibit appropriate remorse, and to avoid the time and expense of an evidentiary hearing it appears appropriate to accept Mr. Berger's apparent offer rather than attempt to determine precisely whether a lesser or greater sanction is appropriate.
> To the extent this Court has misinterpreted Mr. Berger's statement, he is directed to appear to contest this tentative ruling. Provided that Mr. Berger is prepared to voluntarily agree <u>not</u> to represent clients in bankruptcy cases filed in this district for a period of one year as set forth above, this Court is prepared to discharge the OSC. [Tentative Ruling for OSC Hearing at pp. 84–85.]

Mr. Berger appeared at the hearing on the OSC and elected not to contest the tentative ruling.  Therefore, based upon Mr. Berger's voluntary agreement <u>not</u> to represent clients in bankruptcy cases filed in this district for a period of one year from the above-captioned hearing date, absent further order of this Court lifting this bar, a separate order discharging the OSC will be issued.

###

Date: April 16, 2024

Neil W. Bason
United States Bankruptcy Judge

# CERTIFICATE OF SERVICE

I, the below-named deputy clerk of the United States Bankruptcy Court, certify that I placed a true and correct copy of the attached document in a sealed envelope for collection and mailing, no later than the next business day that is not a court-observed holiday, in the United States mail, first class, postage prepaid, and addressed as follows:

Debtor's Counsel
Aaron Berger
4338 1/2 Laurel Canyon Blvd
Studio City, CA 91604

☐ Service information continued on attached page
Date:  4/16/2024      Signature:            /s/ Sharon Sumlin
                      Deputy Clerk [*printed name*]:   Sharon Sumlin

-5-